```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/12/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION
FUND et al.,

           Plaintiffs,

        -against-

WILLIS CARROLL, *doing business as
Carroll Small Repairs*,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

09 Civ. 3207 (WHP)

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs New York City District Council of Carpenters Pension Fund and affiliated entities move to confirm an Arbitration Award against Defendant Willis Carroll d/b/a/ Carroll Small Repairs ("Carroll") dated January 6, 2009 (the "Award"). For the following reasons, Plaintiffs' motion is granted.

## BACKGROUND

        Plaintiffs commenced arbitration in this action seeking to compel the production of Defendant's books and records pursuant to a collective bargaining agreement (the "Agreement") between Carroll and Plaintiffs. (Affidavit of Andrew GraBois dated Feb. 4, 2010 ("GraBois Aff.") ¶ 5; GraBois Aff. Ex. A: Collective Bargaining Agreement dated July 1, 2001 (the "Agreement").) The Agreement provides that any grievance be "submitted to arbitration

-1-

before Roger Maher, Robert Silagi, Joseph W. Lipowski or Robert Herzog." (Agreement at 33.) The Agreement further provides that the arbitrator "shall have the right to conduct an ex parte hearing in the event of the failure of either party to be present at the time and place designated for the arbitration." (Agreement at 34.) Additionally, the Agreement provides that "[u]pon the confirmation of the arbitrator's award, the prevailing party shall . . . be entitled to receive all court costs in each proceeding as well as reasonable counsel fees." (Agreement at 35.)

Pursuant to the Agreement, Plaintiffs' grievance was arbitrated before Robert Herzog (the "Arbitrator"), who found that Carroll failed to comply with the Agreement as it relates to fringe benefit payments. The Arbitrator directed Carroll to furnish Plaintiffs with any and all books and records for the period from August 29, 2007 through January 6, 2009. (GraBois Aff. ¶¶ 7-8; GraBois Aff. Ex B: Default Award dated January 6, 2009 (the "Award") at 4.) The Arbitrator further held that Carroll was required to pay Plaintiffs $2,350 for costs incurred in the Arbitration, with interest accruing at the rate of 5.25% from the date of the Award. (GraBois Aff. ¶ 9; Award at 5.)

Plaintiffs move for an order confirming the Award. Carroll has failed to appear in this action or oppose Plaintiffs' motion.

## DISCUSSION

I. Confirmation of the Arbitration Award

"Arbitration awards are not self-enforcing, [but] they must be given force and effect by being converted to judicial orders by courts; these orders can confirm and/or vacate the award, either in whole or in part." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 104 (2d Cir.

2006). Although Plaintiffs' motion is styled as a motion for default judgment, "default judgments in confirmation/vacatur proceedings are generally inappropriate." D.H. Blair & Co., 462 F.3d at 109. Rather, "the Petition and accompanying record should be treated like a motion for summary judgment." Herrenknecht Corp. v. Best Road Boring, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007). Where the respondent fails to respond or appear, a petition to confirm an arbitration award and any accompanying submissions are "treated as akin to [an] unopposed motion for summary judgment." D.H. Blair, 462 F.3d at 109-10; Travel Wizard v. Clipper Cruise Lines, No. 06 Civ. 2074 (GEL), 2007 WL 29232, at *2 (S.D.N.Y. Jan. 3, 2007) ("[E]ven where one party altogether fails to respond to a motion to vacate or confirm an award . . . district courts should assess the merits of the record rather than merely entering a default judgment"); see also Abondolo v. Sasson & Farah Glatt Kosher Meats, Inc., No. 06 Civ. 4835 (WHP), 2007 WL 2154188 (S.D.N.Y. July 18, 2007).

"Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" D.H. Blair, 462 F.3d at 110 (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)). "Under the terms of [Section 9 of the Federal Arbitration Act], a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected as prescribed in [Sections] 10 and 11." Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008). "It is well established that courts must grant an arbitration panel's decision great deference." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003). "Pursuant to Section 10, this Court may vacate an arbitration award where: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators; (3) the

arbitrators were guilty of misconduct in refusing to postpone the hearing or refusing to hear evidence pertinent to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Interdigital Commc'ns Corp. v. Nokia Corp., 407 F. Supp. 2d 522, 528 (S.D.N.Y. 2005) (citing 9 U.S.C. § 10(a)).

In addition, "[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." D.H. Blair, 462 F.3d at 110. "[A] barely colorable justification for the outcome reached" is all that is necessary to confirm the award. Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, 954 F.2d 794, 797 (2d Cir. 1992). "It is only when the arbitrator strays from interpretation and application of the agreement and effectively dispense[s] his own brand of industrial justice that his decision may be unenforceable." Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001).

The record before this Court supports Plaintiffs' request. First, the Agreement provides that any grievance be submitted to arbitration before one of the four permanent contract arbitrators. That was done. Moreover, the Agreement specifically contemplates an audit related to disputes on fringe benefit payments and an award of arbitration costs. Thus, the Arbitrator was acting within the terms of the agreement when he heard and decided the matter before him. Moreover, the award of $2,350 for costs incurred in the Arbitration, along with interest accruing at 5.25% from the date of the Award, is reasonable. The record contains no indication that the Award was procured by corruption, fraud, or undue means, nor would confirmation of the award

be contrary to public policy.

Accordingly, this Court grants Plaintiffs' unopposed petition to confirm the Award. Because a portion of the Award is for a sum certain, no further inquiry is required. A judgment in the amount of $2,350 for costs incurred in the Arbitration, along with interest, is appropriate. See Herrenknecht Corp., 2007 WL 1149122, at *2 (confirming arbitration award and judgment of specified sum stated in arbitration decision). Moreover, pursuant to the Award, Carroll and its officers are ordered to produce any and all books and records relating to Willis Carroll d/b/a Carroll Small Repairs for the period of August 29, 2007 through January 6, 2009.

II. Attorneys' Fees and Costs

Plaintiffs' also seek attorneys' fees in the amount of $1,225 and costs in the amount of $1,190. "[I]n a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award." Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir.1985). Section 9 of the Federal Arbitration Act does not provide for recovery of attorney's fees. Nevertheless, "because a court may, in the exercise of its inherent equitable powers, award attorney's fees when opposing counsel acts in bad faith, attorney's fees and costs may be proper when a party opposing confirmation of an arbitration award refuses to abide by an arbitrator's decision without justification." N.Y. City Dist. Council of Carpenters Pension Fund v. Eastern Millenium Constr., Inc., No. 03 Civ. 5122 (DAB), 2003 WL 22773355, at *3 (S.D.N.Y. Nov. 20, 2003) (citation and internal quotation marks omitted).

While Carroll agreed to submit all disputes with Plaintiffs to binding arbitration, it

chose not to participate in the arbitration proceeding or to oppose Plaintiffs' application for confirmation of the arbitration award. Defendant's refusal to comply with the arbitration award lacks any justification. See Herrenknecht Corp., 2007 WL 1149122, at *3-4 (finding attorneys' fees warranted because defendant "refused to participate in the arbitration proceeding, failed to satisfy the arbitration award or, alternatively, to contest the award, and subsequently failed to oppose Herrenknecht's petition to confirm the award"); New York City Dist. Council of Carpenters Pension Fund, 2003 WL 22773355 at * 3 (finding failure to comply with or respond to arbitration award to be without justification and awarding attorneys' fees); In the Matter of Arbitration between Soft Drink and Brewery Workers Union Local 812, IBT, AFL-CIO and Ali-Dana Beverages, Inc., No. 95 CIV. 8081, 1996 WL 420209, at *3 (S.D.N.Y. July 25, 1996) (awarding attorney's fees where defendant "failed to either pay the award or file a motion to vacate or modify").

Moreover, the Agreement specifies that, "upon confirmation of the arbitrator's award, the prevailing party shall . . . be entitled to receive all court costs in each proceeding as well as reasonable counsel fees." (Agreement at 35.) Plaintiffs' application includes an affidavit which details the time Plaintiffs' counsel spent moving to confirm the Award, and their billing rates. (GraBois Aff. Ex. G: Aff. of Services dated February 4, 2010). Based on that Affidavit, this Court is able to determine that Plaintiffs' request for attorneys' fees and costs is reasonable. Accordingly, Plaintiffs' application for $2,415 in attorneys' fees and costs is granted.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to confirm the Arbitration Award and for attorneys' fees and costs is granted. Plaintiffs are directed to submit a final judgment by August 20, 2010. The Clerk of Court is directed to mark this case as closed.

Dated: August 12, 2010
     New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Andrew Richard GraBois, Esq.
O'Dwyer and Bernstein, L.L.P.
52 Duane Street
New York, NY 10007
*Counsel for Plaintiffs*